J. T. ROPER and others v. TOWN OF LAURINBURG.

*Towns and Cities.*

A municipal corporation has the right to provide indemnity for its officers who may incur liability to others in the *bona fide* discharge of their duties ; *Therefore* it is competent for a town to appropriate a reasonable amount of its funds to employ counsel to defend its police officers in actions for false imprisonment.

MOTION for injunction heard at Fall Term, 1883, of RICH-MOND Superior Court, before *McKoy, J.*

The purpose of this suit is to restrain the defendants, the mayor and commissioners of the town of Laurinburg, a municipal corporation formed by law, from employing and paying counsel for services to be rendered in certain actions, civil and criminal, depending in the superior court, out of the public funds in the treasury derived from taxation. Two of these are prosecutions against separate parties who are charged with violating a town ordinance which forbids drunkenness, the use of profane or indecent language, the exposure of the. person, or other disturbance of the public peace ; and two others are suits instituted by those so charged against the town constable and his assistant for arrest and false imprisonment. The causes of action in all have one and the same source.

The plaintiffs in the last mentioned suits were arrested in the said town by the defendants therein for alleged public drunkenness, which accusation the plaintiffs deny and the defendants affirm, and the affidavits read before the judge, upon the hearing of the motion for an injunction continuing the temporary restraining order previously made *ex parte*, are in conflict in regard to what occurred when the arrest was made. The testimony of one of the present plaintiffs relates to the evidence given in at the trial, before the mayor, of the parties arrested for a violation of the ordinance by W. B. Hatton, the constable,

in reference to the condition and conduct of the accused. The other testifies to his seeing them at the time; that they were behaving in an orderly and peaceable manner, and neither was drinking to excess or drunk, and that they were subjected to great violence and indignity by the officer and those aiding him and even after being taken into custody.

The statement of the mayor is that he was present when Hatton went up to arrest H. F. Deaton, one of the accused, and that he and his associate, F. M. Deaton, on September 1st, 1883, both of them, were drunk, and this he infers from the fact that they were staggering and acting as drunken men usually act, and so when brought to trial before him he adjudged them guilty of the charge; that when the arrest was attempted with the aid of the deputy Beaseley, the accused made violent resistance to being carried before affiant, and assaulted the officer and his assistant, and that these latter acted throughout in self-defence, the whole disturbance being witnessed by affiant; that the arrested parties were not in a proper condition to be at once arraigned and tried for their conduct; and further that the said Hatton is a most efficient public officer.

Upon the evidence the court refused the application for an injunction, and dissolved the previous *ex parte* order of restraint, and from this judgment the plaintiffs appeal.

*Mr. John D. Shaw,* for plaintiffs.

*Messrs. J. T. Legrand, Burwell, Walker & Tillett* and *Strong & Smedes,* for defendant.

SMITH C. J., after stating the above. We do not feel called upon to determine the facts of the transaction, so differently represented in the affidavits, and we recapitulate only so much of the testimony as shows that all the actions originated in an attempted discharge of public duty and the maintenance of good order in the town, and whether there was in fact a breach of the town ordinance committed in presence of the officer and mayor

which warranted the immediate arrest, or whether violence was used in excess of any required to overcome the resistance offered, are, in our view, not material enquiries to be answered in passing upon the ruling brought up for review.

The right of a municipal corporation to provide an indemnity for its officers who may incur a liability to others in the *bona fide* exercise of their functions while engaged in the discharge of their duties, is too well settled by adjudications, and too well founded in considerations of public policy, to admit of controversy. It is so expressly declared in 1 Dill. Mun. Corp., §98, and the references fully support the general proposition asserted in the text.

The consequences might be most serious if such officers were to be left to struggle alone and unaided against every action that persons arrested may *choose* to bring upon an allegation of abused authority, *though honestly exercised,* in the maintenance of the public peace and the preservation of good order, and the results of which, though successfully defended, might prove disastrous to the officer.

Within the range of this conceded power must be embraced the employment of counsel and the payment of a reasonable compensation for their services, and the more necessary is it to a municipal body, such as this is, who have no regular and salaried legal adviser to resort to in case the occasion shall require. Such a right, limited by a just responsibility for its exercise, must abide in the corporation as essential to its own self-protection, and the attainment of the ends for which it is formed.

Adjudicated cases are not wanting in the reports which sustain this view, to some of which we will refer.

In *Bancroft* v. *Lynnfield,* 18 Pick., 566, WILDE, J., declares "that towns have an *authority to defend and indemnify their agents* who may incur a liability by an inadvertent error, or in the performance of the duties imposed on them by law."

So it is said by FLETCHER, J., delivering the opinion in *Bobbitt* v. *Savoy,* 3 Cush., 530, "that it is difficult to see why a town

may not be at expense to take care of their interests involved in a suit, where their servant is made a party, as well as incur expenses to protect their interests in a suit where the town is a party. * * * Where the servants of the town have made mistakes which have rendered them liable at law, it has been held *legal and proper for the town to meet the expense.*"

In the later case of *Hadsell* v. *Hancock*, 3 Gray, 526, the court say: "No question is made as to the power of towns to *indemnify their officers and agents against liabilities in the bona fide discharge of their duties.*"

But a case more directly in point is that of *Sherman* v. *Carr*, 8 Rhode Island, 431, the facts whereof are briefly these: "An action of trespass was brought against the mayor of Newport, and the constable, who acted in his aid, committed the acts complained of in virtue of the powers conferred upon him in his official capacity by an act of the general assembly of Rhode Island. At the first trial, the jury disagreed; at the second, a verdict was rendered for the plaintiff, and set aside; at the third, a similar verdict assessed the damages at $2,500, which were reduced, by plaintiff's consent, to avoid its being also set aside, to $1,500.

The action was brought by certain tax payers to enjoin the payment by the treasurer to the mayor of moneys appropriated by the city council to defray the expenses of the suit.

The injunction was denied, and BRADLEY, C. J., speaking for the court, uses this language:

"Is it then one of the usual and ordinary expenses of a city to protect its officers, who, while exercising in good faith the functions of their office, have been found by the verdict of a jury to have exceeded the lawful powers of that office and to have trespassed upon the rights of a citizen? If the power to indemnify an officer under these circumstances does not rest in that body who appropriate the money for all the legitimate duties of a municipality within its own province, the various executive officers of a city perform their duties at the peril of an individual respon-

sibility for all their mistakes of law and of fact, however honest and intelligent they may be, and also at the peril of the possible mistakes of a jury naturally jealous of the rights of the citizen when brought in conflict with the exercise of official power. If the officer is thus responsible, he will naturally be too cautious, if not timid, in the exercise of his powers which must be frequently exercised for the protection of society, before and not after a thorough investigation of the case in which he is called upon to act. * * * We know of no case in which, while the officer continues to act in behalf of the community, and not in his own behalf, it is held that the community cannot indemnify him."

Concurring in this exposition of the law, and conceding to the corporate authorities of the town the right to apply a reasonable amount of the moneys in their treasury for the purposes contemplated, we cannot undertake to supervise their action and stop them in their effort to vindicate the corporate authority and protect their agent in the enforcement of their ordinances. There is no such abuse shown as warrants the interference of the court. We therefore sustain the rulings of the court in refusing an injunction. Let this be certified.

No error.                                        Affirmed.