HANCOCK v. COMMISSIONERS OF CRAVEN COUNTY.

(Filed March 24, 1903.)

1. COUNTIES—*County Commissioners—Contracts—Attorney and Client.*

> A board of county commissioners may employ an attorney for the term for which it is elected.

2. EVIDENCE—*Sufficiency—Demurrer—Non-Suit—Counties.*

> In this action against a board of county commissioners by an attorney for legal services, the evidence, on demurrer by the defendant, is sufficient to be submitted to the jury.

ACTION by S. W. Hancock against the Board of Commissioners of Craven County, heard by Judge *George H. Brown,* at September Term, 1902, of the Superior Court of CRAVEN County. From a judgment of non-suit, the plaintiff appealed.

*W. W. Clark,* for the plaintiff.
*D. L. Ward,* for the defendant.

CONNOR, J.. The plaintiff alleged that on the 5th day of December, 1898, the defendant Board of Commissioners contracted with him to employ him as attorney for the term of two years at an annual compensation of two hundred dollars. That he accepted the employment and entered upon the discharge of his duties and that he has at all times during the said two years been ready, willing and able to perform his part of the contract. That a balance is due him on account of said contract of five hundred and fifty dollars. That he has made demand upon the defendant for payment thereof and it has been refused.

The defendant answering does not deny the alleged contract but says that it is invalid and can not be enforced for the reason that they had the right to dispense with plaintiff's services when they deemed it advisable for the best interest of the County to do so. They deny that the plain-

tiff was at all times during the two years ready, willing and able to perform his part of the contract, but that on the contrary he at divers times failed and refused to perform work which was required by said board under the terms of said contract. For a further defense the defendant says that the Board of Commissioners passed an order dismissing the plaintiff and that he made no protest against said order but abandoned the functions of his office as County Attorney and rendered no service. That at the time of his dismissal he had abandoned the practice of the law and had been appointed Post Master at the City of New Bern; that his duties as post master demanded nearly all of his time and attention and rendered it unsafe for the defendant to rely upon his advice and services, as he did not have sufficient time or opportunity to properly acquaint himself with the law, etc., and was therefore unable and disqualified to properly perform his part of the contract. That his salary as post master was very much larger than his salary as attorney and that his dismissal in no way damaged him; that the advice given the board was not in accordance with law and that he did not at the time of his dismissal and does not now possess the requisite skill and ability as a lawyer to properly discharge the duties imposed upon him by said contract, etc.

The plaintiff offered in evidence the original resolution of the defendant and testified that it was adopted December, 5, 1898.

"*Resolved,* That Seymour W. Hancock be employed as attorney for the County for the ensuing two years at an annual compensation of Two Hundred Dollars per annum."

He further testified that he "served during December, 1898, January, 1899, and was paid for these two months. The board removed me February 1st, 1899, and employed D. L. Ward. I received $50. The board revoked resolution

of December 5th.   I offered to perform the services and the board refused to have me.   I was appointed Post Master at New Bern July, 1898.   I was post master when the board employed me.   I have no law office and had none except my office in the Federal building for post master.

I have twenty-five or thirty law books.   I do not hold myself out as a practicing lawyer.   I have now no cases in the State Courts.   I have not advertised myself as a practicing attorney for the past few years.   I am stilll postmaster.   I have not practiced law to any extent for the last two . or three years, and therefore I have not paid my law license tax.   I get $200 a month as postmaster.   The United States Government requires my complete supervision of the post-office.   I ask permission from Government to be absent a week.   I have to ask leave of absence when I leave town.   I made no protest when the Board employed D. L. Ward.   I did not attend the meeting of the Board, as some members of the Board had told me that they intended to remove me, and that it would be more agreable for me not to attend.   The United States had a prior claim on my services.   If my presence was required at the post office, I should have to be there instead of at meeting of Board.   I told the members of the Board when they told me they intended to remove me that I objected to my removal and should sue them.   I did not go before the Board in session and protest at the meeting at which I was removed.   At the next meeting of the Board after my removal I went before the Board, I was ready to perform my duties and should sue them.   I was paid $50 for the two months.   He introduced

J. A. Bryan:   I was County Commissioner prior to 1898. Plaintiff was Attorney for the Board before he was postmaster.   I was on Board sometime while plaintiff acted as Attorney.   We found no fault with him so. far as I know.   I was not on Board after December 1st, 1898.

E. W. Smallwood: I was a member of Board of Commissioners in Februuary, 1899, when we discontinued plaintiff. We discontinued him because we thought his duties as postmaster must necessarily interfere, and that he could not discharge all the duties of our Attorney in all the Courts of the State. He was Attorney for our Board before he was postmaster, and we made no complaint. When the Legislature of 1899 met, it added four Commissioners, all of whom were Democrats. There might have been some politics inducing some of the Board to discontinue plaintiff, but we thought that there might be, and likely would be, a conflict between his duties as postmaster and his duties to us.

John Biddle: I was Chairman of the Board of Commissioners. There was nothing said at the meeting of the Board, when plaintiff was discontinued about politics. No reason was given for the action of the Board. Before the meeting and outside, Mr. Smallwood told me he thought the four new Democratic Commissioners would prefer another lawyer, and that there might be some politics in it.

At the conclusion of the evidence for the plaintiff, the defendant moved to non-suit the plaintiff under the Act. Motion sustained. Exception by plaintiff  Appeal by the plaintiff.

The defense set up by the defendant in its answer if submitted to and found by the jury would have been ample reason for discontinuing the service of the plaintiff as attorney. We think that the board had the power to make the contract for the term of two years that being the term for which it was elected. *Roper v. Town of Laurinburg,* 90 N. C., 427. We think also that if the plaintiff assumed other obligations, or took other service which prevented him from discharging his duties under the contract with the defendant, or if he was not able to give correct advice or for any of the reasons mentioned in the answer he could not serve the

defendant in the apacity of attorney, that it had a legal right to put an end to the contract or the relation growing out of it.   We cannot see however that as a matter of law, upon the testimony which, for the purpose of the demurrer must be taken as true and construed in the light most favorable to the plaintiff, that he was unable or incompetent to comply with his contract.   It is true that his becoming post master absorbed very largely his time and attention but we can not see that he was unable to give advice or serve the defendant.   It seems that he did so for two months and no complaint was made.   The opinion of the defendant board that his duties as post master would interfere with the discharge of his duties as attorney to the board may have been well founded, but we can not say as a matter of law or legal inference that it was so.   We do not think that the plaintiff was called upon to enter any protest against the action of the defendant.   We think that these were questions for the jury upon issues arising upon the pleadings.   The court was in error in sustaining the motion to non-suit the plaintiff. The issues raised by the pleadings should have been, upon all of the evidence submitted to the jury under proper instructions from the court.   There must be a

New trial.